UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS LEVI OLSEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 4:20-cv-00166-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is *pro se* Petitioner Nicholas Levi Olsen's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Civ. Dkt. 1, Crim. Dkt. 86). Because the Court finds that equitable tolling does not save Olsen's Motion, and is therefore untimely, the Motion shall be dismissed.

## BACKGROUND

On December 19, 2017, Olsen pled guilty to Count One of the Indictment charging him with possession with Intent to Distribute a controlled Substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). *See* Crim. Dkt. 35. Olsen was sentenced to a term of imprisonment of 210 months and 5 years of supervised release. *Judgment* at 2-3, Crim. Dkt. 55. Olsen appealed his conviction on March

23, 2018. Crim. Dkt. 59.

On December 19, 2018, the Ninth Circuit entered final judgment dismissing Olsen's appeal and the judgment became final on March 19, 2019 when the period to file a certiorari petition expired. *See* Crim. Dkt. 80. This Court previously concluded that the 1-year statute of limitations period for challenging the dismissal began on March 19, 2019 and expired March 19, 2020. *See* Civ. Dkt. 4. Olsen did not file his § 2255 Motion until March 27, 2020. Civ. Dkt. 1. As such, the Court denied Olsen's § 2255 Motion as untimely. Civ. Dkt. 4.

On November 23, 2020, this Court granted Olsen's Motion for Reconsideration because it found that equitable tolling may apply. *See* Civ. Dkt. 5; Civ. Dkt. 12. The Court permitted the Government to raise the statute of limitations as a defense in its response.

## LEGAL STANDARD

Section 2255 provides that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003); *United States v. Buckles*, 647 F.3d 883, 887 (9th Cir. 2011). Under Supreme Court

Rule 13(1), a petition for a writ of certiorari to review a judgment entered by a United States court of appeals is timely filed when filed with the Clerk of the Court within 90 days after entry of the judgment.

A litigant seeking equitable tolling of the statute of limitations period bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Whether there are grounds for equitable tolling is highly fact-dependent. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). Furthermore, there must be a causal link between the extraordinary circumstances and the petitioner's inability to timely file. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("The requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness rather than . . . oversight, miscalculation, or negligence on [the petitioner's] part.") (internal quotation marks omitted). "[T]he threshold necessary to trigger equitable tolling … is very high." *Mendoza,* 449 F.3d at 1068 (citing *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

## ANALYSIS

Olsen claims he is entitled to equitable tolling because 1) he exercised diligence in attempting to contact his counsel for his legal materials and 2) multiple

prison lockdowns prevented him from accessing legal resources to prepare his petition.

## A.     Attempts to Contact Counsel

Olsen claims that he made multiple attempts to contact and receive legal materials from his trial and appellate counsel throughout the 1-year statutory period. He claims that his efforts were to no avail and, after five months of these attempts, he ultimately requested materials from the Court. However, Olsen offers no support other than his self-serving statement that he attempted to contact his attorney multiple times via mail, email, and phone. *See* Civ. Dkt 5 at 17. To the contrary, Attorney Kinghorn, Olsen's trial counsel, attests that no requests were made of him from Olsen. *See* Civ. Dkt. 14 at 16. Attorney Sasser, Olsen's appellate counsel, attests that Olsen had contacted him on March 13, 2020, only a few days before the 1-year period expired. *Id*. at 18. In that light, the Court does not find Olsen's eleventh-hour attempt to contact counsel sufficiently diligent for the purposes of equitable tolling or that extraordinary circumstances prevented Olsen from contacting his attorneys.[1]

In any event, Olsen sent a letter to the Court on August 19, 2019 requesting

---

[1] Furthermore, Olsen's own statement that he "finally gave-up [sic] acquiring some needed documents" does not support a finding of diligence. *See* Civ. Dkt. 5 at 5-6.

a copy of his plea, of which the Court promptly mailed to him along with the judgment that same day. *See* Crim. Dkt. 85. Despite the subsequent prison lockdowns that occurred in October 2019, February 2020, and March 2020, (totaling 20 days),[2] Olsen, then equipped with his plea agreement and judgment, still had significant time to file his petition. *See* Civ. Dkt. 5 at 14. Moreover, despite his alleged unsuccessful attempts to contact his attorneys, Olsen was aware of the relevant facts that underlie his ineffective assistance of counsel claim. A petitioner's *pro se* status, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g.*, *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

### B.   Prison Lockdowns

Olsen further claims that the prison lockdowns, which totaled 58 days during the 1-year statutory period, prevented him from timely filing his petition. *See* Civ. Dkt. 5 at 14. However, Olsen has failed to demonstrate that the lockdowns and restricted access to legal resources during the lockdowns constituted extraordinary

---

[2] Olsen also claims, without support, that there was a "2 to 3 week period of time after January 1, 2020 that the legal library was closed down." Civ. Dkt. 5 at 7. Nonetheless, the Court's conclusion is the same.

circumstances that prevented him from timely filing.

The 1-year statutory period "gives the prisoner plenty of time to get to federal court and leaves room for the inevitable delays in unpredictable lockdowns and other interruptions in research and writing time common in prison." *Ciria v. Cambra*, 1998 U.S. Dist. LEXIS 18049, *6 (N.D. Cal. 1998). Indeed, "given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule." *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009).

Other than the conclusory statement that the "circumstances concerning the lockdowns are extraordinary," Olsen offers no support for and does not elaborate on this point. *See* Civ. Dkt. 5 at 10. In fact, the Court is left to presume that the lockdowns for most of the 1-year statutory period were pursuant to ordinary prison security protocols. *Ramirez*, 571 F.3d at 998. To the extent that the March 2020 lockdown can be attributed to the ongoing pandemic, "the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis," as Olsen must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion. *See United States v. Henry*, 2020 U.S. Dist. LEXIS 234135, *8 (W.D. Pa. 2020). By the March 9, 2020 lockdown, Olsen was fast approaching the March 19

deadline to file his motion. *See Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000) (holding that petitioner failed to demonstrate causation even where closure of the prison law library took place near the end of the limitations period). In all, the 58 days out of the 1-year statutory period did not rise to "extraordinary circumstances" that likely prevented Olsen from timely filing his motion. *See Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (equitable tolling is appropriate where "it would have technically been possible for a prisoner to file a petition, but a prisoner would have likely been unable to do so." (quoting *Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008))). As such, Olsen has failed to demonstrate that his untimely motion was due to circumstances beyond his control rather than his own lack of diligence, and has not met his high burden in demonstrating entitlement to equitable tolling.[3]

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1) is **DISMISSED**.

---

[3] Nor does the Court find that § 2255(f)(2) applies as Olsen does not allege government misconduct.

DATED: February 1, 2021

_____
B. Lynn Winmill
U.S. District Court Judge