UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS LEVI OLSEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 4:20-cv-00166-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is *pro se* Petitioner Nicholas Levi Olsen's Motion for Reconsideration and Request for Counsel. Dkt. 19. For the reasons explained below, the Court will deny both motions.

## BACKGROUND

In December 2017, Mr. Olsen pled guilty to Count One of the Indictment charging him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). *See* Crim. Dkt. 35. Mr. Olsen was sentenced to a term of imprisonment of 210 months and 5 years of supervised release. Judgment at 2-3, Crim. Dkt. 55. Mr. Olsen appealed his conviction on March 23, 2018. Crim. Dkt. 59.

MEMORANDUM DECISION AND ORDER - 1

On December 19, 2018, the Ninth Circuit entered final judgment dismissing Mr. Olsen's appeal. *See* Crim. Dkt. 80. The judgment became final on March 19, 2019. *See* Crim. Dkt. 80.

In February 2021, the Court dismissed Mr. Olsen's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 after finding that equitable tolling did not save Mr. Olsen's untimely motion. *See Mem. Decision Order*, Dkt. 17.

In July 2021, Mr. Olsen filed this motion. Mr. Olsen asks the Court to "look back" and "reconsider" his sentence. *Mot. Recons*. ¶ 4, Dkt. 19. He asks the Court to reduce his term of incarceration so that he can "get out with some hope that [he] could do something with [his] life." *Mot. Recons*. ¶ 5, Dkt. 19. The Court broadly construes this as a request to reconsider the order dismissing Mr. Olsen's petition under 18 U.S.C. § 2255. *Mem. Decision Order*, Dkt. 17.

Mr. Olsen also writes "in regards of seeking representation." *Mot. Recons*. ¶ 1, Dkt. 19. He explains that although he has access to a prison law library, he does not know "what steps" to take in his case or the status of his filings. *Mot. Recons*. ¶ 2, Dkt. 19. Mr. Olsen says that he has tried to contact his lawyers, who have not responded. *Mot. Recons*. ¶ 2, Dkt. 19. The Court broadly construes this as a request for the appointment of counsel.

**MEMORANDUM DECISION AND ORDER - 2**

## ANALYSIS

A.  **Motion for Reconsideration**

The Federal Rules of Civil Procedure apply to habeas cases, such as this one, to the extent that those rules are not inconsistent with applicable statutes or rules. Rule 12 of the Rules Governing Section 2255 Cases. A party may request reconsideration of a final judgment (1) by filing a motion to alter or amend the judgment under Federal Rule of Civil Procedure Rule 59(e), or (2) by filing a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Because Petitioner's Motion was not filed within 28 days of final judgment, the Court will construe the Motion as made pursuant to Rule 60(b). *See American Ironworkers & Erectors, Inc. v. North American Construction Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

Under Rule 60(b), a court may grant a party relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The only subsection applicable to Petitioner's claims is subsection (b)(6). This last catch-all provision should only be used "sparingly as an equitable remedy

to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (cleaned up). To receive relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Id*. (cleaned up). A motion for relief from judgment must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Mr. Olsen cannot receive relief under Rule 60(b) because he fails to meet any of the grounds cited in that Rule. His Motion is nothing more than a request that the Court revisit its prior conclusions. But those conclusions are sound—Mr. Olsen's habeas petition is barred by the statute of limitations. Disagreement with that decision is a matter for appeal, not reconsideration. Mr. Olsen has not carried his burden to show manifest injustice or any other basis for reconsideration. Accordingly, the Court will deny the Motion for Reconsideration.[1]

B.   **Request for Counsel**

Mr. Olsen requests the appointment of counsel. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722,

---

[1] The Court does not have authority to reduce Mr. Olsen's sentence as he requests. *See United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). But district courts do have authority to "modify a term of imprisonment" under 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Olsen may pursue that route if he believes there are "extraordinary and compelling reasons" that warrant a reduction in his sentence.

**MEMORANDUM DECISION AND ORDER - 4**

755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2255 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. See *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court concludes that Petitioner does not qualify for appointment of counsel. As this Court has previously found, Mr. Olsen's time to bring a habeas action has passed. Presently, neither discovery nor an evidentiary hearing is needed. Therefore, the Court will deny Mr. Olsen's motion to appoint counsel.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion to Reconsider (Dkt. 19) is **DENIED**.
2. Plaintiff's Motion for Appointment of Counsel (Dkt. 19) is **DENIED**.

DATED: September 28, 2021

_____
B. Lynn Winmill
U.S. District Court Judge